IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

SARAH MARIE HAUGEN, )
)
        Plaintiff, )
)
vs. ) Case No. 17-00794-CV-W-ODS
)
STATE OF MISSOURI, et al., )
)
        Defendants. )

## **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Pending is Plaintiff's motion for reconsideration. Doc. #7. For the reasons below, the Court denies Plaintiff's motion.

## **I. BACKGROUND**

On September 22, 2017, Plaintiff filed a motion for leave to proceed in forma pauperis (Doc. #1), and a motion to appoint counsel (Doc. #2). The Court denied these motions after determining it lacked diversity and federal question jurisdiction. Doc. #4. Thereafter, Plaintiff filed a motion for order instructing Defendant Roberta Tonsfeldt to surrender child (Doc. #5), which the Court denied (Doc. #6). Plaintiff now asks the Court to reconsider its rulings.

Plaintiff alleges her constitutional rights were violated based on events in a guardianship proceeding in the probate court of Jackson County, Missouri.[1] Plaintiff alleges "the State of Missouri is in...violation of [her] Constitutional Rights when it knowingly summoned all parties before the Court but excluded [her] from the proceedings...." Doc. #7, at 2. The Court understands this allegation to be based on initial issues with service of the complaint in the probate court, and/or based on events at a September 21, 2017 hearing in which the Probate Commissioner allegedly excluded Plaintiff from a meeting in chambers with attorneys involved in the matter.

---

[1] All facts are taken from Plaintiff's filings (Docs. #1, 5, 7). The probate matter involving Plaintiff's child is pending in Jackson County, Missouri. *See* Case No. 17P9-PR00429 (Prob. Ct. Jackson Cty., MO).

*See* Doc. #5, at 4-5. Plaintiff also alleges the State of Missouri violated her rights when "the State of Missouri knowingly failed to NOTIFY the Bois Forte Band of Chippewa Tribe about proceedings against [Plaintiff], a Protected Registered Member of said Tribe." Doc. #7, at 2. The Court understands this allegation to be based on the Probate Commissioner denying Plaintiff's request that the Probate Court notify Plaintiff's tribe about the guardianship proceedings. *See* Doc. #5, at 6. Regarding Defendant Roberta Tonsfeldt, the grandmother of Plaintiff's child, Plaintiff alleges Tonsfeldt "falsely claimed [Plaintiff] was unfit" and "never had proper authority to take guardianship/custody over [Plaintiff's] daughter." Docs. #1, at 3; #7, at 2. Plaintiff's suit seeks the "release" of her child to her custody, an order directing "Defendant to surrender the Passport of said child," and an order directing "the personal production of the natural father...." Docs. #1, at 4; #5, at 7. Plaintiff's motion for reconsideration seeks to clarify the allegations upon which the Complaint is based, and asserts jurisdiction is established based on alleged Constitutional violations. Doc. #7.

## II. DISCUSSION

Federal courts are courts of limited jurisdiction, meaning there are only certain subject matters the federal courts have authority to hear and decide. *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). The Court has jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Although a plaintiff may allege a constitutional violation, certain jurisdictional doctrines may nonetheless prevent the Court's exercise of jurisdiction. Based on Plaintiff's filings, the Court finds it cannot exercise jurisdiction over Plaintiff's claims.

(A)

A lower federal court is generally without jurisdiction to hear "challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that that state court's action was unconstitutional." *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). Federal courts, with the exception of the United States Supreme Court, do not have jurisdiction over an appeal

of a state appellate court decision. *Id.*; *see also* 28 U.S.C. § 1257; *Keene Corp. v. Cass*, 908 F.2d 293, 296 (8th Cir. 1990). The Eighth Circuit holds the *Rooker-Feldman* doctrine precludes jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Edwards v. City of Jonesboro*, 645 F.3d 1014, 1018 (8th Cir. 2011) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Even when liberally construing Plaintiff's allegations, as the Court must do, it is clear Plaintiff seeks redress in this Court for alleged violations in a state court proceeding. This Court does not have jurisdiction to hear challenges to state court decisions even if a party maintains the decision was unconstitutional. *Feldman*, 460 U.S. at 486 (1983); *Edwards*, 645 F.3d at 1018. For this reason alone, the Court denies Plaintiff's motion to reconsider because the *Rooker-Feldman* doctrine applies.

(B)

Even if the *Rooker-Feldman* doctrine did not apply, the Court would find abstention appropriate based on the *Younger* abstention doctrine. The *Younger* abstention doctrine indicates federal courts must abstain from exercising jurisdiction when (1) there is an ongoing state court proceeding, (2) implicating important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state court proceeding. *Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010). The first *Younger* factor is met here because the guardianship proceeding giving rise to Plaintiff's Complaint is ongoing. *See* Case No. 17P9-PR00429 (Prob. Ct. Jackson Cty., MO). The second factor is met as well because child custody issues are important state issues. *Young v. Lawson*, No. 08-3459-CV-S-RED, 2009 WL 900808, at *1 (W.D. Mo. Mar. 31, 2009) (citing *Moore v. Sims*, 442 U.S. 415, 434-35 (1979)). Finally, an adequate opportunity exists for Plaintiff to raise these issues in the state court proceeding. *See Shapiro v. Columbia Union Nat. Bank & Tr. Co.*, 576 S.W.2d 310, 316 (Mo. banc 1978) (recognizing state courts are empowered to adjudicate alleged violations of the United States Constitution). The fact that a state court consistently rejects a claim of unconstitutional violations does not render *Younger*

abstention inappropriate.  *See Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1250 (8th Cir. 2012).

When *Younger* applies and only injunctive relief is before the Court, dismissal is appropriate.  *See Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 1250 (8th Cir. 1998).  Dismissal is appropriate to prevent interference with a pending judicial proceeding.  *Id.*  Here, Plaintiff seeks the "release" of her child to her custody, an order directing "Defendant to surrender the Passport of said child," and an order directing "the personal production of the natural father...."  Docs. #1, at 4; #5, at 7.  Any directive by this Court granting the relief sought would plainly interfere with the ongoing guardianship proceeding in Jackson County, Missouri.  The Court denies Plaintiff's motion for reconsideration on the additional basis that *Younger* abstention applies.

### III.  CONCLUSION

For the above reasons, the Court denies Plaintiff's motion for reconsideration.

IT IS SO ORDERED.

DATE: October 25, 2017

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT